1  RONALD J. FISHER (State Bar No. 298660)
   E-Mail:    *rfisher@sideman.com*
2  ELLEN V. LEONIDA (State Bar No. 184194)
   E-Mail:    *eleonida@sideman.com*
3  SIDEMAN & BANCROFT LLP
   One Embarcadero Center, Twenty-Second Floor
4  San Francisco, California 94111-3711
   Telephone:  (415) 392-1960
5  Facsimile:   (415) 392-0827

6  Attorneys for Defendant
   Lori Hillman

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11 RON HILLMAN, an individual,                Case No. 2:24-cv-9026

12            Plaintiff,                       **DEFENDANT LORI HILLMAN'S
                                               NOTICE OF REMOVAL**
13       v.
                                               (Los Angeles Superior Court Case No.
14 LORI HILLMAN POLACHEK, an                   24STCV26085)
   individual and co-trustee of The
15 Hillman Family Revocable Trust              Action Filed: October 8, 2024
   Agreement; JULIE HILLMAN               Trial Date: None Set
16 SOLURSH, an individual and co-trustee
   of The Hillman Family Revocable Trust
17 Agreement; ALAN SOLURSH, an
   individual; and DOES 1 through 20,
18 inclusive,

19            Defendants.

20

21

22

23

24

25

26

27

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332 and 1441, defendant Lori Hillman hereby removed to the United State District Court for the Central District of California the above-captioned state court action, originally filed in Los Angeles Superior Court, State of California. Ms. Hillman (erroneously named as Lori Hillman Polachek in the complaint) hereby provides a "short and plain statement of the grounds for removal," pursuant to 28 U.S.C. § 1446(a). In the event that the Court requires Ms. Hillman to prove the facts alleged in this pleading, or to otherwise establish jurisdiction, she is prepared to do so.[1] Removal is proper on the grounds described below.

## I.    SERVICE ON THE STATE COURT

Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be promptly given by the undersigned to counsel of record for plaintiff Ron Hillman, and to counsel for defendants Julie Hillman Solursh and Alan Solursh, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of Los Angeles.

---

[1] "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied[.]" *Id*. at 82 (citing 28 U.S.C. § 1446(c)(2)(B)).

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## II.    TIMELINESS OF REMOVAL

Plaintiff filed its complaint against Ms. Hillman on October 8, 2024, in the California Superior Court for the County of Los Angeles. Pursuant to U.S.C. § 1446(a), true and correct copies of the Summons and Complaint ex parte materials filed by Plaintiff are attached as Exhibits A-B (respectively) to the Declaration of Ronald J. Fisher ("Fisher Decl."), filed concurrently with this Notice of Removal.[2]

The Summons was issued on October 8, 2024, but service has not been effected. (Fisher Decl. ¶ 5.) This Notice of Removal is timely because it is within 30 days of when the Summons was issued; moreover, as because service has not been completed, the notice is necessarily within the 30 days of service prescribed by 28 U.S.C. § 1446(b).

## III.    CONSENT OF ALL DEFENDANTS WHO HAVE BEEN JOINED AND SERVED

28 U.S.C. § 1446(b) provides that "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Because plaintiff has not served any defendant in the underlying state court action, there are no "defendants who have been properly joined and served" whose consent is required to remove this action. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective.").

---

[2] Section 1446(a) requires the defendants seeking removal to include with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in" the state court action. As explained in more detail below and in the Fisher Declaration, Ms. Hillman has not yet been served; nonetheless, she provides all docket items in her possession.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

IV.    **SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL**

Plaintiff Ron Hillman is Ms. Hillman's brother. Ms. Hillman was the co-trustee of their mother's revocable trust, along with her sister, Defendant Julie Hillman Solursh. When their mother passed away, Plaintiff sought to contest certain amendments that their mother had made to the trust. Plaintiff, Ms. Hillman, and Defendant Julie Hillman Solursh resolved that dispute in a settlement agreement executed in October 2021. Plaintiff now seeks to set aside that settlement and alleges that Ms. Hillman and the other defendants fraudulently induced Plaintiff into executing it. Plaintiff's complaint alleges four purported causes of action for (1) Fraud/Intentional Misrepresentation; (2) Breach of Fiduciary Duty; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Unjust Enrichment.

Ms. Hillman resides in San Anselmo, California, and is domiciled in California. 28 U.S.C. § 1332(a); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

Defendants Julia Hillman Solursh and Alan Solursh reside in Los Angeles County, California, and are domiciled in California. (Fisher Decl., Ex. B ¶ 5-6.)

Plaintiff resides in Clark County, Nevada. (*Id*. ¶ 3.)

As explained in more detail below, removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because, based on the allegations in the Complaint and the Prayer for Relief, there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.[3] 28 U.S.C. § 1332. All requirements for

---

[3] Ms. Hillman denies any liability to Plaintiff and denies that Plaintiff can establish any damages, harm, or entitlement to relief. Ms. Hillman does not concede, and reserves the right to contest at the appropriate time, that any of Plaintiff's allegations constitute a cause of action against her under applicable law. Nothing in this Notice

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

federal jurisdiction under Section 1332 have been met, and this Court accordingly has original jurisdiction over this action.

### A.  Complete Diversity of Citizenship Exists

For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983), *superseded by statute on other grounds as stated in Saraca Media Grp., Inc. v. Liehong Zhuang*, No. 20-cv-2780, 2020 WL 4016742, at *2 (S.D.N.Y. July 16, 2020). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, No. CV 16-06341, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). A party is domiciled where she "resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff is domiciled in Clark County, Nevada. (Fisher Decl. ¶ 3.) All of the defendants, including Ms. Hillman, are domiciled in California. (*Id.* ¶¶ 4-6.)

As Plaintiff is not a citizen of California, and all defendants are citizens of California, complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332(a).

_____

of Removal is an admission of liability or a suggestion that Plaintiff will or could recover any damages or obtain any relief based upon the allegations contained in the Complaint or otherwise. This Notice seeks only to establish that the Complaint's allegations meet Section 1332's citizenship and amount in controversy requirements. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

### B.    The Forum Defendant Rule Is Inapplicable Because No Defendant Has Been Served

The so-called "forum defendant rule" does not bar removal here because Defendants have not been "properly joined and served." 28 U.S.C. § 1441(b)(2) (emphasis added). As courts in this District have recognized: "The plain meaning of § 1441(b)(2) 'precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.'" *Hong Kong Cont'l Trade Co. Ltd. v. Nat. Balance Pet Foods, Inc.*, No. LACV2200571JAKAFMX, 2023 WL 2664246, at *4 (C.D. Cal. Mar. 28, 2023) (quoting *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019)).

Removals like this one are known as "snap removals[4]," and numerous federal circuit courts and district courts within the Ninth Circuit have affirmed their propriety. Although the Ninth Circuit has not driectly addressed snap removal, the Second, Third and Fifth Circuits have held that Section 1441(b)(2) permits snap removal. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020).

Many courts in this District have accorded with the Second, Third, and Fifth Circuits. *See Zalvin v. Carrel*, No. 824CV00482FWSJDE, 2024 WL 1121790, at *4 (C.D. Cal. Mar. 14, 2024) ("The plain language of section 1441(b)(2) is unambiguous: the text prohibits removal only where a forum defendant has been "properly joined *and served*.") (emphasis original); *Kornfeind v. Kia Am., Inc.*, No.

---

[4] Ms. Hillman respectfully submits that the somewhat pejorative term 'snap removal' does not fairly characterize this case, which was removed ten days after Plaintiff filed its complaint on October 8, 2024. Plaintiff had ample opportunity to serve its complaint, but did not.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

8:23-CV-01796-JVS(KESX), 2023 WL 8456111, at *3 (C.D. Cal. Dec. 6, 2023) ("The Court declines to depart from the plain language of § 1441(b)(2) and finds that Kia removed the case before it was "properly joined and served."); *Lawton v. Hyundai Motor Am., Inc.*, No. 823CV01797JVSKES, 2023 WL 8018100, at *3 (C.D. Cal. Nov. 20, 2023) ("[T]he Court cannot ignore the plain, unambiguous text of the statute . . . . As other courts in this District have found, if Congress disapproves of the practice that Hyundai has engaged in, Congress can amend § 1441(b)(2) to prohibit removal in cases such as this one. [Citations.] Until then, the Court cannot read language in § 1441(b)(2) that does not exist."); *Harrison v. Sonesta Int'l Hotels Corp.*, No. 2:23-CV-04867-SB-RAO, 2023 WL 5351873, at *3 (C.D. Cal. Aug. 18, 2023) ("[T]he parties do not dispute that § 1441(b)(2) is unambiguous and that its plain text allows for snap removal. Under basic tenets of statutory interpretation, the language of the law controls in these circumstances. . . . The removal was proper."); *Hong Kong Cont'l Trade Co. Ltd.*, 2023 WL 2664246, at *4 (C.D. Cal. Mar. 28, 2023) ('[T]o preclude removal where a forum defendant has not yet been joined and served would be to ignore the word "served" in the text of § 1441(b)(2), which is contrary to the plain meaning of the statute."); *Choi v. Gen. Motors LLC*, No. CV 21-5925-GW-MRWX, 2021 WL 4133735, at *2 (C.D. Cal. Sept. 9, 2021) ("Under that [plain language] approach, only if a local/forum defendant has been "properly joined and served" may an action not be removed.").

This approach also accords with the weight of decisions by federal courts within other judicial districts in California. *See, e.g.*, *World Fin. Grp. Ins. Agency v. Olson*, No. 24-CV-00480-EJD, 2024 WL 730356, at *5 (N.D. Cal. Feb. 22, 2024) ("[T]he Northern District of California "has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."); *Fobb v. Uber Techs., Inc.*, No. 21-cv-7778-HSG, 2022 WL 620336, *2 (N.D. Cal. Mar. 3, 2022) (emphasis added) ("The decisions in this district to have considered [whether snap removal is

permissible] nearly unanimously support Defendants' position" that such removal is permissible); *Monet v. Tesla, Inc.*, No. 22-cv-00681, 2022 WL 2714969-EJD, *2 (N.D. Cal. July 13, 2022) ("[T]he plain language of § 1441(b)(2) bars removal only when a defendant 'properly joined and served' is a resident of the forum." (citation omitted)); *Clayborne v. Chevron Corp.*, No. 19-cv-07624-JSW, 2020 WL 11563098, *5 (N.D. Cal. Feb. 5, 2020) ("District courts in the Northern District of California have held that [§ 1441(b)(2)] only prohibits removal by a forum defendant after that defendant has been both joined and served."); *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 WL 2364413, *7 (N.D. Cal. June 5, 2019) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012) (explaining that "[t]he statute does nothing to prevent sophisticated defendants from electronically monitoring state court dockets so that, as soon as a case is filed, they can speedily remove to federal court"; and holding that "the Northern District has consistently followed" this approach, recognizing that a defendant can remove a diversity case even before being served).

Finally, the Ninth Circuit's construction of other parts of the removal statute also supports snap removal. Section 1446(b)(2) governs when consent of other defendants is required. Under § 1446(b)(2)(A), "all defendants who have been properly joined and served" must consent or join the removal. The Ninth Circuit has held that based on the plain language of the statute, the rule of unanimity only applies to defendants who have been properly joined and served. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("Because none of the non-joining defendants was properly served, their absence from the removal notice did not render the removal defective."). In the same way that defendants who have not been "properly joined and served" are not considered for the unanimity rule in § 1446,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  defendants who have not been "properly joined and served" should not be
2  considered under the forum defendant rule in § 1441 of the same statute. See
3  *Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012) ("under the doctrine of in
4  pari materia, words in different sections of the same statute should be construed
5  similarly").

6  **C.   The Amount in Controversy Exceeds $75,000**

7  Courts evaluate a removing defendant's assertion of the amount in
8  controversy under a "preponderance of the evidence" standard. *Sanchez v.*
9  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. §
10  1446(c)(2)(B). Although "[u]sually, 'preponderance of the evidence' is a phrase
11  used for determining whether a factual allegation is, in fact, true . . . [,] a defendant
12  is not required to admit, and is certainly not required to prove, the truth of plaintiff's
13  assertions before invoking diversity jurisdiction." *Patel v. Nike Retail Servs., Inc.*,
14  58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014). "The amount in controversy is simply
15  an estimate of the total amount in dispute, not a prospective assessment of
16  defendant's liability." *Lewis v. Verizon Commc'ns*, 627 F.3d 395, 400(9th Cir.
17  2010); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (cited
18  with approval in Lewis) (explaining that "[t]he amount in controversy is not proof of
19  the amount the plaintiff will recover," but is instead "an estimate of the amount that
20  will be put at issue in the course of the litigation").

21  A removing defendant is not required to "research, state, [or attempt to] prove
22  the plaintiff's claims for damages." *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–
23  00421 SI, 2010 WL 1526441, at *3 (N.D Cal. Apr. 15, 2010) (quoting *Korn v. Polo*
24  *Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Instead, a
25  removing defendant may make a "reasonable extrapolation[] from the plaintiff's
26  allegations suffic[ient] to establish the amount in controversy." *Patel*, 58 F. Supp. 3d
27  at 1041; *see also*, *e.g.*, *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL
28  6382049, at *3 (C.D. Cal. Dec. 6, 2018) (noting that "defendants who prepare a

1   'well-founded evidentiary record' are entitled to make 'reasonable extrapolations'

2   from the allegations in the complaint"). Where, as here, the Complaint does not state

3   the amount in controversy, the Notice of Removal may do so by including "a

4   plausible allegation that the amount in controversy exceeds the jurisdictional

5   threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

6   A defendant is thus not obligated "to support removal with production of extensive

7   business records to prove or disprove liability and/or damages with respect to

8   plaintiff or the putative class members at this premature (pre-certification) stage of

9   the litigation." *Muniz v. Pilot Travel Centers, LLC*, No. CIV. S-07-0325FCDEFB,

10  2007 WL 1302504, at *5; *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-

11  ODW (PLAx), 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding

12  defendant did not need to provide payroll data to support removal because defendant

13  "is not required to meet such a high burden"); *Thomas v. Aetna Health of Cal.*, No.

14  1:10–cv–01906–AWI– SKO, 2011 WL 2173715, at *20 (E.D. Cal. June 2, 2011)

15  ("[R]equiring Defendants to forecast an exact violation rate would essentially force

16  a removing defendant to prove the plaintiff's case.").

17       Moreover, in assessing whether the amount in controversy requirement has

18  been satisfied, "a court must 'assume that the allegations of the complaint are true

19  and that a jury will return a verdict for the plaintiff on all claims made in the

20  complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F.App'x 646, 648 (9th Cir. 2012)

21  (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d

22  993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must

23  be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a

24  defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205 (quoting *Rippee v.

25  Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

26       The amount in controversy in this action exceeds $75,000 because (1) the

27  trust that Plaintiff alleges was undervalued contained approximately $6 million in

28  assets, and thus any material and fraudulent undervaluation of the sort Plaintiff

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  alleges would easily exceed $75,000; (2) Plaintiff explicitly states in its Prayer for

2  Relief that he seeks attorneys' fees, Fisher Decl., Ex. B at p. 8 (Prayer for Relief in

3  Complaint), which, as discussed below, will exceed $75,000; (3) Plaintiff explicitly

4  states in his complaint that he seeks unjust enrichment and disgorgement of profits,

5  which (even assuming a modest rate of growth) would easily surpass $75,000 given

6  that three years have passed since the purported fraud and the trust was worth

7  approximately $6 million; and (4) finally, Plaintiff seeks punitive damages, which

8  make it even more certain that more than $75,000 is in controversy.

9      ***Attorney's Fees***. Plaintiff explicitly seeks attorneys' fees. A "court must

10  include future attorneys' fees recoverable by statute or contract when assessing

11  whether the amount-in-controversy requirement is met." *Fritsch v. Swift*

12  *Transportation Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). In removal cases,

13  district courts exercise discretion to evaluate whether a defendant has met its burden

14  and can "determine when a fee estimate is too speculative because of the likelihood

15  of a prompt settlement." *Id*. Although plaintiff's counsel's rate is not known to Ms.

16  Hillman, under a conservative assumed billing rate of $500/hour, just 150 hours of

17  work would meet the jurisdictional threshold. Because Ms. Hillman intends to

18  vigorously defend herself and to seek her own fees expended relitigating claims she

19  has already settled once, plaintiff counsel's fees in this action will easily exceed 150

20  hours.

21  **V.    THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

22      Based on these facts and allegations, this Court has original jurisdiction over

23  this action pursuant to 28 U.S.C. § 1332(d) because:

24      a)    This is a civil action within the meaning of Section 1332(a);

25      b)    The properly named parties are citizens of different states, as required

26          by Section 1332(a)(1); and

27      c)    The amount in controversy exceeds $75,000 as required by Section

28  1332(a).

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

The United States District Court for the Central District of California is the federal judicial district in which the California Superior Court for Los Angeles County sits. This action was originally filed in Los Angeles County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(a); *see also* 28 U.S.C. § 1441(a).

True and correct copies of the Summons and Complaint are filed with this Notice of Removal as Fisher Declaration Exhibits A and B.

DATED:  October 18, 2024                    Respectfully submitted,

                                            SIDEMAN & BANCROFT LLP


                                            By: _____*/s/Ronald J. Fisher*_____
                                                 Ronald J. Fisher
                                                 Attorneys for Defendant
                                                 Lori Hillman