# Exhibit B

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/08/2024 11:18 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

d'attaray law | law office of mainak d'attaray
Mainak D'Attaray (Bar No. 283999)
3780 Kilroy Airport Way, Suite 200
Long Beach, California 90806

Telephone: (424) 703-5294
Facsimile: (855) 706-5294
E-mail: mdattaray@dattaraylaw.com

*Attorneys for Plaintiff Ron Hillman*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES—CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| RON HILLMAN, an individual,<br><br>     Plaintiff,<br><br>     vs.<br><br>LORI HILLMAN POLACHEK, an individual and co-trustee of The Hillman Family Revocable Trust Agreement; JULIE HILLMAN SOLURSH, an individual and co-trustee of The Hillman Family Revocable Trust Agreement; ALAN SOLURSH, an individual; and DOES 1 through 20, inclusive,<br><br>     Defendants, | Case No.: 24STCV26085<br>[UNLIMITED CIVIL JURISDICTION]<br><br>**VERIFIED COMPLAINT FOR DAMAGES FOR:**<br>1. **FRAUD/INTENTIONAL MISREPRESENTATION;**<br>2. **BREACH OF FIDUCIARY DUTY;**<br>3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>4. **UNJUST ENRICHMENT; AND**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff Ron Hillman ("Plaintiff" and/or "Ron") and alleges the following complaint for damages.

### INTRODUCTION

1.   Plaintiff Ron Hillman brings this action against defendants Lori Hillman Polachek ("Lori"), Julie Hillman Solursh ("Julie"),  and Alan Solursh ("Alan") (collectively, "Defendants") and Does 1 through 20 (collectively referred to as "Defendants") for damages due to Plaintiff based on

- 1 -

**VERIFIED COMPLAINT FOR DAMAGES**

Defendants' misrepresentations and failures to disclose material facts about the status of the assets in The Hillman Family Revocable Trust Agreement (the "Trust"). Plaintiff and defendants Julie and Lori are siblings and the beneficiaries of the Trust. However, Lori and Julie, along with Julie's husband, Alan, fraudulently induced Ronto sign away his interests as a beneficiary by signing a release for a stream of payments, under false pretenses about the status of the financial condition of the Trust, and the assets that were owned by the Trust.

2. Plaintiff discovered the facts of Defendants' misrepresentations and misdeeds in early March 2023. He confronted his sisters with the truth of their misrepresentations and concealment of assets owned by the Trust, to which Ron was also supposed to receive an interest by the terms of the Trust. The sisters, Lori and Julie, aided by Alan, intentionally concealed the full portfolio of assets of the Trust to induce Ron to settle his interests in the Trust as a beneficiary for a sum less than his full interest.

## PARTIES

3. Plaintiff Ron Hillman is an individual, residing in the County of Clark, State of Nevada.

4. Defendant Lori Hillman Polachek, is an individual and co-trustee of The Hillman Family Revocable Trust Agreement, residing in the County of Marin, State of California,

5. Defendant Julie Hillman Solursh, is an individual and co-trustee of The Hillman Family Revocable Trust, residing in the County of Los Angeles, State of California.

6. Defendant Alan Solursh is an individual, residing in the County of Los Angeles, State of California.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the injuries to Plaintiff alleged herein, and that such injuries as herein alleged were

- 2 -

**VERIFIED COMPLAINT FOR DAMAGES**

proximately caused by such defendants.

8. Plaintiff is informed and believes, and thereon alleges, that always herein mentioned, that each of the Defendants were the agents, employees, partners, joint venturers, co-conspirators, successors or predecessors in interest, owners, principals, and employers of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, partnership, employment, ownership, joint venture and/or conspiracy. Plaintiff is further informed and believes, and based thereon alleges, that the acts and conduct herein alleged of each such defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in the Superior Court for the County of Los Angeles because it has general subject matter jurisdiction because the release executed by Plaintiff and the conduct engaged in by Defendants occurred within the geographic boundaries of Los Angeles County.

10. Venue is proper in the County of Los Angeles because the principal place of the administration of the Trust was also in Los Angeles County.

## FACTUAL ALLEGATIONS

11. On April 27, 1973, Stuart S. Hillman ("Stuart") and Marion F. Hillman ("Marion") as Settlors/Trustors and Trustees, created The Hillman Family Revocable Trust Agreement. They then amended and restated the Trust in its entirety on November 30, 2005, by the Second Amended and Restated Hillman Family Revocable Trust (collectively, the "Revocable Trust"). Stuart and Marion created this trust for the benefit of their three children—Ron, Lori, and Julie.

12. Stuart passed away on May 13, 2010. Under the terms of the Trust, the Revocable Trust was divided into two sub-trusts called the Bypass Trust and the Survivor's Trust (collectively, the "Sub-Trusts"). Marion served as sole trustee of the Sub-Trusts until her death.

13. On May 19, 2011, Marion, allegedly amended and restated the Survivor's Trust, which she further amended on November 28, 2012 ("Amendment 1"), again on January 10, 2017 ("Amendment 2"), again on November 4, 2019 ("Amendment 3"), and finally again on March 13,

- 3 -

**VERIFIED COMPLAINT FOR DAMAGES**

2020 ("Amendment 4") (collectively, all amendments referred to as the "Survivor's Trust"). Lori and Julie served as co-trustees of the Survivor's Trust.

14. Plaintiff disputed the amendments allegedly made by Marion to the Survivor's Trust and sought to contest all of them.

15. On or about October 15, 2021, the Parties entered into a confidential release and settlement agreement (the "Agreement") with The Hillman Family Revocable Trust Agreement— the successor to the Survivor's Trust. The confidential Agreement will be filed with the Court under seal separately. Under the terms of the Agreement, Plaintiff was to receive 33% of the estate. The Agreement was based upon an accounting of the assets in the Trust provided by Defendants, who had exclusive control as co-trustees of the schedule of assets in the Trust. Defendants represented that the figures reflected in the Attachment to the Agreement were in fact the entirety of the entire estate. These representation were false, which Defendants knew that the representation they made to Plaintiff were false.

16. The funds received by Plaintiff did not amount to 33% of the Trust Estate.

## FIRST CAUSE OF ACTION

(Fraud/Intentional Misrepresentation)

[Against All Defendants, and DOES 1 through 20]

17. Plaintiff incorporates and realleges the allegations above as fully set forth below.

18. Defendants, including Alan, represented to Ron that the assets in the Trust were limited to a certain schedule of properties and the values for even those disclosed assets were understated to falsely represent to Ron that the Trust was financially strained. Alan personally met with Ron at Alan's office to convince him to settle his interest based on false representations and concealed assets. Defendants concealed from Ron that the Trust owned certain valuable assets to induce Ron to settle his interest in the Trust for less than what he was entitled in his 1/3 share.

**VERIFIED COMPLAINT FOR DAMAGES**

19. Defendants had a duty to disclose their true intentions to Plaintiff. They also had a duty to disclose material facts to Plaintiff, which if he would have known he would have made a different decision to release his interest in the Trust for less than the value he was owed.

20. Defendants induced Plaintiff into entering into the Agreement whereby he released his 33% interest in the Trust for a stream of payments that was less than what he was entitled. Defendants knew that their representations were false. Defendants intentionally concealed and falsely represented the true status of the assets in the Trust and the value of the same to induce Plaintff's reliance on their representations and concealments.

21. Plaintiff reasonably relied upon Defendants' misrepresentations and concealments.

22. Defendants' assertions and promises, which induced Plaintiff to trust Defendants and enter into the Agreement were not true. Defendants intended to keep the portion of the estate that should have gone to Plaintiff for themselves, from which Defendants benefitted handsomely.

23. As a direct and proximate result of Defendants' misrepresentations and concealments, Plaintiff was damaged in the difference between the full share of the estate to which he was entitled and the amount he agreed to receive based on Defendants' misrepresentations and concealments.

24. Lori, Julie and Alan are liable to Ron for harm caused to him because of the fraudulent and deceitful acts committed by them.

25. Plaintiff has been damaged in an amount to be proved at trial, which is excess of the jurisdictional minimum of this Court. Defendants' conduct was willful, malicious, oppressive, despicable, and with conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover exemplary damages in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**

(Breach of Fiduciary Duty)

[Against Defendants Lori and Julie, and DOES 1 through 20]

26. Plaintiff incorporates and realleges the allegations above as fully set forth below.

- 5 -

**VERIFIED COMPLAINT FOR DAMAGES**

27. Lori and Julie are not only Ron's sisters, but they are the co-trustees of the Trust, of which Ron was a beneficiary. Accordingly, Julie and Lori owed Ron fiduciary duties to act with the utmost good faith, loyalty and care. Trustees owe all beneficiaries, including the income beneficiaries herein, a fiduciary duty. *Hearst v. Ganzi* (2006) 145 Cal.App.4th 1195, 1208 A fiduciary relationship is a recognized legal relationship such as trustee and beneficiary, principal and agent, or attorney and client. *Persson v. Smart Inventions, Inc.* (2005) 125 Cal.App.4th 1141, 1160.

28. Defendants Lori and Julie breached their fiduciary duties to Plaintiff by misleading Plaintiff to enter the Agreement with false statements and concealment of material facts related to the status of the assets in the Trust, leading to the Plaintiff's loss of his rightful portion of the estate.

29. Lori and Julie breached their fiduciary duties to Plaintiff for their own gain as they were the only other two beneficiaries of the Trust, so that by concealing assets and misrepresenting the true value of the assets of the Trust, Plaintiff was misled into agreeing to take less than his 1/3 share of the estate.

30. Accordingly, Plaintiff has been damaged in an amount to be proved at trial as a result of these Defendants' conduct, which is excess of the jurisdictional minimum of this Court. These Defendants' conduct was willful, malicious, oppressive, despicable, and with conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover exemplary damages in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

[Against Defendants Lori and Julie, and DOES 1 through 20]

31. Plaintiff incorporates and realleges the allegations above as fully set forth below.

32. Every contract imposes on the parties a duty of good faith and fair dealing in its performance and enforcement. This implied covenant of good faith and fair dealing requires that no

- 6 -

**VERIFIED COMPLAINT FOR DAMAGES**

party do anything that will impair, destroy, or harm the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts, each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

33. Defendants Lori and Julie did not act in good faith and did not deal fairly with Plaintiff by making misrepresentations about and concealing the status of the assets of the Trust, placing Plaintiff in a position where he did not receive the full benefits of the agreement, which was his 1/3 share of his parents' estate.

34. As co-trustees of the Trust, Lori and Julie had substantial authority and discretion affecting the rights of Plaintiff during the events alleged in this Complaint. They were required to exercise such power in good faith.

35. These Defendants engaged in such conduct to deprive Plaintiff the full share of the estate that was due to him. These actions were done in bad faith to deprive Plaintiff of the full benefits of the Agreement between Plaintiff and Defendants.

36. As a result of these Defendants' breaches of the covenant, Plaintiff has suffered damages in an amount to be proved at trial, which is in excess of the jurisdictional minimum. These Defendants' breach of the covenant was willful, malicious, oppressive, despicable, and with conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover exemplary damages in an amount according to proof at trial.

**FOURTH CAUSE OF ACTION**

(Unjust Enrichment)

[Against All Defendants, and DOES 1 through 20]

37. Plaintiff incorporates and realleges the allegations above as fully set forth below.

38. By their wrongful acts and omissions, Defendants have been unjustly enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived of the value of his true 1/3 share of his parents' estate.

**VERIFIED COMPLAINT FOR DAMAGES**

39. As a result, Plaintiff seeks restitution from Defendants, and an order of this Court disgorging all profits, benefits, and other compensation obtained or to be obtained by Defendants from their wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For compensatory, economic, and consequential damages in an amount to be proved at trial, in amount no less than the minimum jurisdictional limits of this Court.

2. For restitution and disgorgement of profits.

3. For exemplary damages in an amount to be proved at trial.

4. For reasonable attorney's fees and costs pursuant to statute or agreement.

5. For such other relief the court deems proper.

DATED: August 27, 2024

d'attaraylaw |
law office of mainak d'attaray

By: _____
Mainak D'Attaray
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Pursuant to article 1, section 16, of the California Constitution, Plaintiff hereby demands a trial by jury as to each cause of action so entitled.

DATED: August 27, 2024

d'attaraylaw |
law office of mainak d'attaray

_____
Mainak D'Attaray
*Attorneys for Plaintiff*

**VERIFIED COMPLAINT FOR DAMAGES**

**VERIFICATION**

I, Ron Hillman, declare:

    I am a plaintiff in the above-entitled action. I have read the complaint and verify that the allegations in the complaint are true and accurate to the best of my information and knowledge.

    The above is true under the penalty of perjury under the laws of California; executed this 24th day of September 2024 at ___Los Angeles, California/United States___.

                                  [City, State/Country]

_____
Ron Hillman